IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERNEST HENDERSON, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:24-CV-3130-S-BK |
| § | |
| UNITED STATES DISTRICT COURT FOR § | |
| THE NORTHERN DISTRICT OF TEXAS, § | |
| ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 7. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On December 13, 2024, Plaintiff Ernest Henderson, a *pro se* litigant, filed a complaint against the United States District Court for the Northern District of Texas, Magistrate Judge Brian McKay, Chief Judge David Godbey, Clerk of Court Karen Mitchell, two unidentified persons listed only as John Does Operations Support staff, U.S. Marshal Jesse Seroyer and two unidentified U.S. Marshal Service employees, the United States Postal Service (USPS), and three unidentified person listed only as John Doe USPS employees, the Dallas Police Department (DPD), Chief of Police Michael T. Igo, and Deputy Chief Devon Palk. Doc. 3.

Henderson's allegations are incoherent. However, as best the Court can glean, his grievances concern rulings recently issued by Judge McKay in case number. 3:24-CV-2487-N-BW—a *pro se* case that Henderson filed in October 2024, and that is pending judicial screening. Henderson asserts:

- o  Judge McKay and Chief Judge Godbey "participated in mail fraud" in Case No. 3:24cv2487-N-BW because of delays in the mail. Doc. 3 at 4.

- o  Ms. Mitchell and Operations Support staff conspired to deceive Henderson about his filings and court rulings. Doc. 3 at 4.

- o  Marshal employees hindered Henderson's constitutional rights as he entered the federal building to file his grievances about Case No. 3:24cv2487-N-BW. Doc. 3 at 4

- o  The Court participated "in corruption through Wilkins v U.S. CA. 241 CA. 5 (Ala) 1967." Doc. 3 at 5.

- o  Chief Judge Godbey's selection of Judge McKay as a U.S. Magistrate Judge "showed contempt of court" because of the adverse rulings in No. 3:24cv2487-N-BW. Doc. 3 at 8-9.

- o  "Absolute immunity, without reasonable limits, allows for Judges and their decisions to be elevated above the Constitution. This would void a Constitutional government and allow dictatorship (government without the people' s consent)." Doc. 3 at 10.

Throughout the complaint, Henderson makes passing reference to race and racial discrimination. He also alludes to judicial misconduct in the Municipal Court of Montgomery, Alabama, where he litigated a claim. Doc. 3 at 11. Further, in his motion to proceed *in forma pauperis*, Henderson states that he is homeless and that the "office in your conspiracy created this complaint" and "[n]ow get to judge whether I get to file without paying cost. How efficient is that." Doc. 4 at 5. Henderson adds: "It must be great to white. You get to make decisions that affect your own cases. White privilege. Never new [sic] what it was called until the last ten years." Doc. 4 at 5.

By this action, Henderson seeks "to remove/void orders obtained by unconstitutional methods, and to allow motions and petitions that were filed properly and in a timely manner to be heard by a non-bias[ed] Entity."  Doc. 3 at 19.  He also seeks to avoid "arrest and incarceration" or other sanction simply because he seeks to assert and enforce his constitutional rights.  Doc. 3 at 19.

Despite his numerous allegations, Henderson fails to allege a cognizable federal claim, as his factual contentions are delusional and deficient.  As such, this action should be dismissed as frivolous.

**II. ANALYSIS**

Henderson's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides among others for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious.  A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible."  *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf*. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Henderson has failed to state a viable legal claim or anything that can be construed as such.  As illustrated here, his factual contentions appear illogical and clearly baseless and thus inadequate to support any cognizable claim.  *See Denton*, 504 U.S. at 33.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Henderson has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Henderson could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. SANCTION WARNING

Since October 2024, Henderson has filed two other actions *in forma pauperis* in this Court—*Henderson v. City of Dallas*, No. 3:24-CV-2487-N-BW (N.D. Tex.), and *Henderson v. City of Dallas*, No. 3:24-CV-2940-K-BW (N.D. Tex.). Both cases are awaiting screening.

Research of docket activity accessible online confirms that Henderson has filed cases in other federal courts nationwide, including Kentucky where he concedes he used to reside. Doc. 4 at 5. His pleadings are unique and easily identifiable, specifically the caption and general formatting. And most of his complaints concerned grievances against judges, court personnel, law enforcement officers, and other individuals he encounters. *See, e.g.*, *Henderson v. McMahan*, No. 3:24cv319 (W.D. Ky. filed May 24, 2024); *Henderson v. Sutherland*, No. 3:22-CV-426 (W.D. Tex. filed Aug. 18, 2022).

While many of his actions were dismissed for lack of prosecution, at least five have been dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2). *See Henderson v. Land*, 4:16-CV-32, 2016 WL 1532243, *1-2 (M.D. Ga. Apr. 15, 2016); *Henderson v. Tomlinson*, No. 4:16-CV-130 (M.D. Ga. Apr. 27, 2016); *Henderson v. Treadwell*, No. 4:16-

CV-184 (M.D. Ga. July 12, 2016); *Henderson v. Jones*, No. 4:16-CV-142 (M.D. Ga. Aug. 23, 2016); *Henderson v. Tennessee*, No. 1:20-CV-0004, 2020 WL 2739615, *4 (E.D. Tenn. May 6, 2020)

Considering the above, Henderson should be warned that if he persists in filing frivolous or baseless lawsuits, the Court may impose monetary sanctions, bar him from bringing any new action, or subject him to other sanctions the Court deems appropriate. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### V. CONCLUSION

Henderson's complaint should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Henderson also should be **WARNED** that if he persists in filing frivolous or baseless lawsuits, he may be barred from bringing any new action or he may be

subject to any other sanctions the Court deems appropriate.

**SO RECOMMENDED** on January 7, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).